# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| CHRISTOPHER BRYAN COMPANY, INC, <br><br> Plaintiff, <br><br> vs. <br><br> FIFTH THIRD BANK, N.A., <br><br> Defendant. | Civil Action No._____ |

## NOTICE OF REMOVAL

Defendant, Fifth Third Bank, N.A., ("Defendant"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby gives notice, with full reservation of any and all defenses and claims, of the removal of this action from the General Court of Justice, Superior Court Division, Mecklenburg County, North Carolina to the United States District Court for the Western District of North Carolina, Charlotte Division. As grounds for this removal, Defendant states as follows:

### PROCEDURAL BACKGROUND AND TIMING OF REMOVAL

1. On January 28, 2026, Plaintiff, Christopher Bryan Company, Inc ("Plaintiff") commenced the above-styled action against Defendant in the General Court of Justice, Superior Court Division, Mecklenburg County under File No. 26CV005740-590. Copies of all pleadings, processes, and orders served on Defendant are attached hereto as **Exhibit A**.

2. Defendant received a copy of the Complaint on February 6, 2025, and this removal is filed within 30 days of such receipt.

1

## GROUNDS FOR REMOVAL

3. This action may be removed under 28 U.S.C. § 1441(a) because this Court has original jurisdiction over this action under 28 U.S.C. § 1332 and 28 U.S.C. § 1348. Specifically, there is complete diversity between the parties and the amount in controversy exceeds $75,000.

4. Plaintiff is a citizen of North Carolina. *See* Compl. at ¶ 2. Defendant is a national banking association that is a citizen of the State of Ohio under 28 U.S.C. § 1348. Accordingly, there is complete diversity of citizenship between the parties.

5. To be eligible for diversity jurisdiction, the amount in controversy must *exceed* $75,000. 28 U.S.C. § 1332. Although the Complaint does not allege a specific amount in controversy, Plaintiff asserts that "Christopher Bryan's account was depleted in the amount of $700,000." *See* Compl. at ¶ 1. In addition, Plaintiff's Prayer for Relief states that it is claiming "Compensatory damages *in excess* of $25,000," (emphasis added), in addition to treble damages, pre- and post-judgment interest, and attorney's fees. Because $75,000 is three times $25,000, and Plaintiff clearly states it is seeking compensatory damages exceeding $25,000 (in addition to interest and attorney's fees), simple logical and mathematical principles dictate that this action is ripe for removal.

6. In addition, all other requirements for removal have been satisfied.

7. This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of causes.

8. Removal is timely because less than 30 days have passed since Defendant's receipt of the Complaint.

9. This matter has not been previously removed.

10. Removal at this present time will not result in any prejudice to Plaintiff.

11. Venue for removal is proper in this District and division, because this District and division embrace the General Court of Justice, Superior Court Division, Mecklenburg County, North Carolina, the forum in which the removed action was pending. *See* 28 U.S.C. §§ 113(c), 1441(a).

12. There are no other defendants joined in this action that need to consent to removal.

13. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendant's right to assert any defense or affirmative matter, whether pursuant to Fed. R. Civ. P. 8(c), Fed. R. Civ. P. 12, or otherwise, including, but not limited to, the defenses of failure to state a claim upon which relief can be granted, lack of personal jurisdiction, or other defenses.

14. Pursuant to 28 U.S.C. § 1446(d), a copy of this notice is being filed with the Clerk of Court for the General Court of Justice, Superior Court Division, Mecklenburg County, North Carolina. Defendant is also giving prompt written notice to Plaintiff of the filing of this petition for removal.

**WHEREFORE**, Defendant prays that the Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the General Court of Justice, Superior Court Division, Mecklenburg County, North Carolina, and for such other and further relief as this Court may deem just and proper.

Submitted March 9, 2026.

**BRADLEY ARANT BOULT CUMMINGS, LLP**

/s/ Noah Matthews
Noah Matthews (NC Bar No. 62533)

214 N. Tryon Street, Suite 3700
Charlotte, NC 28202
Tel: (704)338-6000
Fax: (704)332-8858
nmatthews@bradley.com

*Attorney for Fifth Third Bank, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **NOTICE OF REMOVAL** was served via U.S. mail, postage pre-paid, on this 9th day of March 2026 to the following:

Villmer Caudill, PLLC
Attn: Bo Caudill, Tomi M. Suziki, and Jake Dillon
P.O. BOX 18186
Charlotte, NC 28218

*Attorneys for Plaintiff*

                                            /s/ Noah Matthews
                                            Noah Matthews